THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of ELIZABETH BATES SULLIVAN, Respondent, *v.* JOHN C. DYKEMAN, Appellant.

Second Department, April 7, 1930.

*Joseph A. McCabe* [*Philip A. Mylod* with him on the brief], for the appellant.

*Paul A. Rieser*, for the respondent.

PER CURIAM. We are of opinion that the presumption of legitimacy has been overcome by the evidence and admissions in this case. (*Matter of Findlay*, 253 N. Y. 1.) The sole question remaining for determination is whether or not there is competent proof in this case of non-access of the complainant's husband. While section 126 of the Domestic Relations Law (as added by Laws of 1925, chap. 255) makes competent the testimony of both the mother and the alleged father in filiation proceedings, we are of opinion that it was not the intent of the Legislature to change the rule and make competent the testimony of a married woman as to non-access of her husband. In this case, however, the question was not raised. The complaining witness testified, without objection, that she last lived with her husband (meaning last cohabited with him) four years ago. The question was not raised by the objection to the following question as to whether or not any other man besides her husband and the defendant had had intercourse with her and by the exception to the court's ruling, permitting an answer. There is no exception to any other ruling in the record which raises this question.

In the interests of justice the order of filiation should be affirmed.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur; TOMPKINS, J., dissents, with the following memorandum:

TOMPKINS, J. (dissenting). The prosecutrix was a married woman when conception took place, and in the absence of incontrovertible proof of non-access of the husband, the presumption is that the child is legitimate. That presumption was not overcome. The only testimony was given by the wife and that was that they had not lived together for four years. During that time they both lived in the city of Poughkeepsie; she maintained her residence in one section and her husband lived at the home of his mother. She further testified that up to the time of her intercourse with the defendant on November 26, 1927, she called at the residence of her husband "most every day" for the purpose of visiting with her children, who were living with their father, and that on these visits to her husband's residence she saw her husband "on many occasions." Her testimony that she and her husband had not lived together for four years, even if competent, was wholly insufficient to overcome the presumption, but in my opinion it was not competent for that purpose, and, although not objected to, it had no probative force because of its incompetency.

Order of filiation of the Children's Court of Dutchess county affirmed.